USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: ___05/24/2019___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

DARRYL C. POTTER,

                                Plaintiff,

                  -against-

THE CITY OF NEW YORK, et al,

                               Defendants.

----------------------------------------------------------------X

**17-CV-8503 (AJN) (KHP)**

**OPINION & ORDER**

**KATHARINE H. PARKER, U.S. MAGISTRATE JUDGE**

      Plaintiff Darryl Potter brought this civil rights action against defendants in connection

with an incident that occurred at the AMC Movie Theatre located at 312 West 34th Street in

New York City.  Plaintiff, an avid movie goer who is also a freelance writer and blogger who

writes about movies, went to the AMC theater to see a late viewing of Doctor Strange.   He

arrived late for the movie and a dispute arose with security officers and personnel of the

theater as to whether Plaintiff should be admitted.   Plaintiff, who is African American, believed

that the theater staff's treatment of him was racially motivated and filmed part of his

encounter.  Plaintiff alleges that he was inappropriately pushed and hassled by the staff.

      Ultimately, New York City police were called to the theater and asked Plaintiff to leave

the theater.  Plaintiff was quite upset by the situation and started crying.  Rather than arrest

Plaintiff, the police took Plaintiff to Bellevue Hospital given his emotional state.  Plaintiff claims

he was improperly treated at Bellevue, resulting in injuries and being held

1

Defendant AMC Entertainment Holdings', Inc. ("AMC") has moved for leave to

commence a third-part action against Global Security pursuant to Federal Rules of Civil

Procedure ("Rule") 14(a)(1) and 15(a)(2). AMC's motion is unopposed.

Rule 14(a)(1) provides that a defendant "may, as third-party plaintiff, serve a summons

and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.

But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party

complaint more than 14 days after serving its original answer." Rule 15(a)(2) provides that "a

party may amend its pleading only with the opposing party's written consent or the court's

leave. The court should freely give leave when justice so requires."

However, where, as here, there is a scheduling order in place that establishes a deadline for

seeking leave to amend, "the lenient standard under Rule 15(a), which provides leave to amend

shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's

scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*,

568 F.3d 329, 334 (2d Cir. 2009) (internal quotation marks and citation omitted); *see also* Fed. R.

Civ. P. 16(b)(4) (a scheduling order "may be modified only for good cause and with the judge's

consent."). The determination of whether "good cause" exists under Rule 16(b) largely turns on the

diligence of the moving party. *Holmes*, 568 F.3d at 335; *see also Perfect Pearl Co., Inc. v. Majestic

Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (to show good cause, a moving party

must demonstrate that "despite its having exercised diligence, the applicable deadline could not

have been reasonably met") (citation omitted).

The Court finds that AMC has shown good cause for the amendment. When this action

was commenced, AMC believed that Plaintiff's complaint was aimed at conduct of AMC

employees. During Plaintiff's deposition in December and February 2018, it became clear that

Plaintiff was asserting that security guards at the theater who are employees of Global Security were the individuals who are the target of Plaintiff's assault and battery claim. AMC has a contract with Global Security to provide security for its theaters. Shortly after Plaintiff's deposition, AMC sought to interpose a third-party complaint asserting contribution and indemnification claims against Global Security. Thus, AMC did not delay in seeking permission to amend and was sufficiently diligent.

No party has opposed the motion to argue that AMC's claims against Global Security would be futile. Further, witnesses from Global Security already have been or will be deposed in this action as fact witnesses. Thus, testimony from Global Security will be required at trial regardless of whether Global Security is impleaded as a third-party defendant. This weighs in favor of granting AMC's request. Too, Inc. v. Kohl's Dep't Stores, Inc., 213 F.R.D. 138, 140 (S.D.N.Y. 2003). No party has claimed prejudice. Nor can this Court discern any. Finally, because discovery is ongoing and no trial date has been set, and because Global Security witnesses have already been deposed, the amendment will not cause undue delay.

For all these reasons, AMC's motion is GRANTED. The Clerk of Court is respectfully requested to terminate the motion at ECF 101. AMC shall file and serve the third-party complaint by May 31, 2019.

May 24, 2019
New York, NY

_____
Katharine H. Parker
U.S. Magistrate Judge